Civil Action No. 1:18-cv-920

# EXHIBIT 1

EXHIBIT 1

9/14/2018 2:23 PM
Velva L. Price
District Clerk
Travis County
D-1-GN-18-005580
Jessica Arzola

CAUSE NO. D-1-GN-18-005580

| | | |
|---|---|---|
| ANDREW KUCHERA<br>Plaintiff, | § § § | IN THE DISTRICT COURT OF |
| V. | § § | TRAVIS COUNTY, TEXAS |
| DANIEL GOLDSTEIN, CODY BARBO, AND HUGE LEGAL TECHNOLOGY COMPANY, INC. d/b/a TRUST & WILL<br>Defendants. | § § § § § § | 200TH ___ JUDICIAL DISTRICT |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ANDREW KUCHERA hereinafter called "Plaintiff," complaining of and about DANIEL GOLDSTEIN, CODY BARBO, AND HUGE LEGAL TECHNOLOGY COMPANY, INC., hereinafter collectively called "Defendants," and for cause of action shows unto the Court the following:

### DISCOVERY CONTROL PLAN LEVEL

**1.**

The Plaintiff pleads that discovery should be conducted in accordance with the discovery control plan under TRCP Rule 190.3, Level 2.

### PARTIES AND SERVICE

**2.**

Plaintiff is an individual who is a resident of the State of Texas, residing in Travis County.

**3.**

Defendant, DANIEL GOLDSTEIN, ("Goldstein") an individual who is a resident of the State of California who contracted with Plaintiff to perform a contract in whole or in part in this state, may be served with process at the following address: 550 West B St. San Diego, CA 92101

or anywhere the Defendant may be found. Service of said Defendant can be effected by private process server or other qualified individual including the Constable or Sheriff.

4.

Defendant, CODY BARBO, ("Barbo") an individual who is a resident of the State of California who contracted with Plaintiff to perform a contract in whole or in part in this state, may be served with process at the following address: **550 West B St. San Diego, CA 92101, or anywhere the Defendant may be found.** Service of said Defendant can be effected by private process server or other qualified individual including the Constable or Sheriff.

5.

Defendant, HUGE LEGAL TECHNOLOGY COMPANY, INC., d/b/a TRUST & WILL, ("Trust & Will") a foreign Corporation doing business in the State of Texas, organized and existing under the law of the State of Delaware, whose home-office is 550 West B St. San Diego, CA 92101, may be served with process by serving the Texas Secretary of State, 1019 Brazos Street, Austin, Texas 78701 as its agent for server per Tex. Civ. Prac. & Rem. Code § 17.045 because Defendant engages in business in Texas but does not maintain a regular place of business in Texas or a designated agent for service of process, and this suit arose from Defendant's business in Texas.

## CLAIM FOR RELIEF

6.

Plaintiff seeks monetary relief of $100,000 or less and non-monetary relief; or in the alternative monetary relief over $200,000 but not more than $1,000,000. The damages sought are within the jurisdiction of this court.

## JURISDICTION AND VENUE

7.

The subject matter in controversy is within the jurisdictional limits of this court. The

court has personal jurisdiction over the Defendants as they have contracted with the Plaintiff, a Texas resident, to perform the contract in whole or in part in Texas as set forth in Chapter 17 of the Civil Practice and Remedies Code.

8.

Venue in the county where suit was filed is proper because this county is where all or a substantial part of the events or omissions giving rise to this lawsuit occurred.

FACTS

9.

In June of 2017, Plaintiff approached Goldstein with an idea and intention to start a company. This company would assist consumers in estate planning through a convenient and streamlined online program and then cultivate the users to create strategic partnerships with related industries (e.g. insurance providers).

10.

On August 7, 2017, Plaintiff created an account through an online application called "Slack" in order to provide a central messaging platform for information and ideas related to the company. Goldstein joined the Slack account on August 8th. Later in August, Goldstein approached Barbo to be involved in the company and Barbo joined the Slack account on August 28th.

11.

The Plaintiff, Goldstein, and Barbo discussed several options for each of their roles in the company and how the equity would be divided. On September 8, 2017, the three parties agreed to an equity division where the Plaintiff would receive five percent (5%) of the company's equity with rights equal to Goldstein and Barbo and the ability to purchase additional equity upon future investment milestones in exchange for his involvement in the conception of the company and his

position as an Advisor serving on the advisory board.

**12.**

On October 4, 2017, Goldstein requested the Plaintiff's signature on a Stockholder Written Consent adopting a shareholder plan. On October 26, 2017, the parties incorporated the Huge Legal Technology Company in the State of Delaware. Over the next several months, the Plaintiff fulfilled his duties as an Advisor. The Plaintiff was listed as an Advisor and member of the Advisory Board on the company website and was issued a company email. The Plaintiff was involved in strategy and negotiation decisions, business introductions, and talent acquisitions.

**13.**

Over the last quarter of 2017, Defendants stated that they were working on getting documentation to memorialize their agreements on everyone's roles and equity distribution. While Trust & Will provided Goldstein and Barbo stock purchase agreements in December of 2017, it wasn't until February 27, 2018 that the Plaintiff was finally given any documentation. Further, the document that was given to the Plaintiff did not reflect the contract made on September 8, 2017, it did not provide the same rights as Goldstein and Barbo, and the delay resulted in a higher purchase price than that received by Goldstein and Barbo.

**14.**

After several good-faith attempts to obtain an agreement that properly iterated the terms of the contract made on September 8, 2017, Plaintiff sent a demand letter on April 18, 2018 at 11:44 a.m. CT. On April 18, 2018 at 1:24 p.m. PT, Barbo deleted all content from the company Slack account and the Plaintiff's company email was deactivated.

## CAUSES OF ACTION

15.

1. Breach of Contract

The Plaintiff, Goldstein, and Barbo entered into a valid contractual agreement. The contract was ratified by Trust & Will as a result of the corporate officer's agreement and as evidenced by the issuance of a corporate email and placement on the company website. Plaintiff gave Defendants valuable consideration and performed all duties required of him under the contract.

16.

Defendants breached the contract by refusing to provide shares to Plaintiff and failing to provide an agreement that provided equal rights and interest as Goldstein and Barbo pursuant to the contract described herein.

17.

a. Inadequacy of Legal Remedy

Money damages for the violation of the Plaintiff's rights under the contract would be an inadequate remedy because the stock of the Huge Legal Technology Company, Inc., consists of untraded shares. The shares in question represent control of a small start-up business and the shares have no market value. The only adequate remedy for the violation of the Plaintiff's rights would be to compel the Defendants to specifically perform the contract.

18.

b. Performance by Plaintiff

The Plaintiff has performed all terms, covenants, and conditions under the contract so far as the conduct of the Defendants has permitted. The Plaintiff has always been, and now is, ready, willing, and able to pay in cash the amount of the purchase price when ascertained equal to the

purchase price paid by Goldstein and Barbo, and the Plaintiff hereby offers to comply with and perform every requirement imposed on the Plaintiff by the contract.

19.

2. Conversion

The foregoing paragraphs are hereby incorporated by reference as if set forth fully herein. Plaintiff is the lawful owner of five (5%) of the outstanding shares of Huge Legal Technology Company, Inc., per the contract made by the Plaintiff, Goldstein, and Barbo, and ratified by Trust & Will.

20.

Defendants have no right or title in in Plaintiff's shares under the contract. Defendants' refusal to acknowledge and provide the certificates of the shares amounts to an unlawful, ongoing conversion of Plaintiff's personal property. As a result of the Defendants' ongoing conversion, Plaintiff has suffered actual and economic damages in an amount within the jurisdictional limits of this Court.

21.

Furthermore, the Defendants' ongoing conversion constitutes an act of malice for which Plaintiff is entitled to recover exemplary damages under Chapter 41 of the Texas Civil Practice & Remedies Code.

22.

3. In the alternative, Quantum Meruit

Plaintiff incorporates by reference all of the preceding paragraphs as if fully set forth herein. Pursuant to Texas state law, Plaintiff pleads, in the alternative if necessary, a cause of action against Defendants for quantum meruit.

23.

Plaintiff initially conceived of the business and provided and rendered a variety of valuable services for Defendants. As a direct result of Plaintiff's idea and rendition of services, benefits were conferred on Defendants, including but not limited to Defendants receiving investment and cultivation of certain business relationships.

24.

Defendants accepted the benefits of Plaintiff's ideas and services. Indeed, Defendants on many occasions recognized Plaintiff's ideas and services and their value. Defendants used, accepted, and enjoyed the ideas and services provided by Plaintiff, and had notice that Plaintiff expected to be compensated for his ideas and services.

25.

As a direct and proximate result of Defendants' failure to provide agreed compensation, Plaintiff has been damaged and is entitled to recover the reasonable value of the ideas and services he provided to Defendants. Plaintiff reasonably expected compensation for his conception of the company and subsequent services, and Defendants knew Plaintiff expected compensation.

## CONDITIONS PRECEDENT

26.

Plaintiff avers that all conditions precedent have occurred for recovery and that all necessary notice requirements have been satisfied.

## ATTORNEYS' FEES

27.

Plaintiff has made written demand upon Defendant more than thirty (30) days prior to the filing of this Petition. Plaintiff would show this Court that the recovery of attorneys' fees is authorized, made

and provided, under and according to the provisions of Section 38.001, Texas Civil Practice and Remedies Code.

28.

The Plaintiff would show that it was necessary to obtain the services of the undersigned attorneys to represent it in this cause of action; that it has agreed to pay said attorneys a reasonable fee for attorney services, that said attorneys' usual and customary fee for representation of clients is for time spent in consultation, preparation for pre-trial and trial itself. Such charges for such services are necessary, reasonable and customary in the county of suit for attorneys' services. Therefore, Plaintiff should be awarded attorneys' fees and expenses in an amount consistent with time expended to be proven with and exactness at the time of trial, including an amount sufficient for any possible appeals of this Court's decision.

## DISCOVERY

29.

Plaintiff requests that the following discovery pleadings, to which Defendant must respond timely as per the Texas Rules of Civil Procedure, be served concurrently with the Plaintiff's Original Petition:

a. Requests for Disclosures as attached and incorporated herein as Exhibits "A1, A2, and A3."

## PRAYER

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff respectfully prays that the Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in such amount as the evidence may show and the trier of fact may determine to be proper, in addition to pre-judgment interest, post-judgment interest, an order of specific performance to issue the shares to which Plaintiff is entitled,

costs, attorney's fees, punitive damages, exemplary damages, and all other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

By: /s/ Weston Prescott Ray
    **WESTON PRESCOTT RAY**
    State Bar No.: 24098307
    1212 Buttonwood Drive
    Friendswood, Texas 77546
    Telephone: (512) 563-8114
    Email: weston.prescott@gmail.com
**ATTORNEY FOR PLAINTIFF**

CAUSE NO. _____

| | | |
|---|---|---|
| ANDREW KUCHERA<br>Plaintiff, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| V. | §<br>§<br>§ | TRAVIS COUNTY, TEXAS |
| DANIEL GOLDSTEIN, CODY<br>BARBO, AND HUGE LEGAL<br>TECHNOLOGY COMPANY, INC.<br>d/b/a TRUST & WILL<br>Defendants. | §<br>§<br>§<br>§<br>§ | _____ JUDICIAL DISTRICT |

## RULE 194 REQUEST FOR DISCLOSURE

TO: DANIEL GOLDSTEIN, Defendant at 550 West B St. San Diego, CA 92101.

Pursuant to Rule 194, you are requested to disclose, within 50 days of service of this request, the information or material described in Rule 194.2. You have a duty to amend or supplement your response in accordance to Rule 193.5.

Respectfully submitted,

By: /s/ Weston Prescott Ray
 **WESTON PRESCOTT RAY**
 State Bar No.: 24098307
 1212 Buttonwood Drive
 Friendswood, Texas 77546
 Telephone: (512) 563-8114
 Email: weston.prescott@gmail.com
**ATTORNEY FOR PLAINTIFF**

EXHIBIT
A

## EXHIBIT "A1"

(a) the correct names of the parties to the lawsuit;

(b) the name, address, and telephone number of any potential parties;

(c) the legal theories and, in general, the factual bases of your claims or defenses;

(d) the amount and any method of calculating economic damages;

(e) the name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case;

(f) for any testifying expert:

   (1) the expert's name, address, and telephone number;

   (2) the subject matter on which the expert will testify;

   (3) the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or, if the expert is not retained by, employed by, or otherwise subject to your control, documents reflecting such information;

   (4) if the expert is retained by, employed by, or otherwise subject to your control:

   (A) all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony; and

   (B) the expert's current resume and bibliography;

(g) any discoverable indemnity and insuring agreements;

(h) any discoverable settlement agreements;

(i) any discoverable witness statements;

(j) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted, or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

(k) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the responding party by virtue of an authorization.

CAUSE NO. _____

| | | |
|---|---|---|
| ANDREW KUCHERA<br>Plaintiff, | § § § | IN THE DISTRICT COURT OF |
| V. | § § | TRAVIS COUNTY, TEXAS |
| DANIEL GOLDSTEIN, CODY BARBO, AND HUGE LEGAL TECHNOLOGY COMPANY, INC. d/b/a TRUST & WILL<br>Defendants. | § § § § § | _____ JUDICIAL DISTRICT |

## PLAINTIFF'S CERTIFICATE OF WRITTEN DISCOVERY

Plaintiff, Andrew Kuchera, concurrently files this Certificate of Discovery directed to the Defendants, along with the Plaintiff's Original Petition pursuant to the applicable local rule and states that the discovery set forth below is being served upon the following party together with the Plaintiff's Original Petition.:

DANIEL GOLDSTEIN, Defendant
CODY BARBO, Defendant
HUGE LEGAL TECHNOLOGY COMPANY, INC. d/b/a TRUST & WILL, Defendant

1. Request for Disclosure

Respectfully submitted,

By: /s/ Weston Prescott Ray
WESTON PRESCOTT RAY
State Bar No.: 24098307
1212 Buttonwood Drive
Friendswood, Texas 77546
Telephone: (512) 563-8114
Email: weston.prescott@gmail.com
ATTORNEYS FOR PLAINTIFF


EXHIBIT